IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>       Plaintiff,<br><br>   v.<br><br>DONALD A. MILNE III and<br>INSTAPRIN PHARMACEUTICALS, INC.,<br><br>       Defendants,<br><br>   and<br><br>ISLAND RACEWAY & HOBBY, INC.,<br><br>       Relief Defendant. | Civil Action No. 19- 13024 (ES)(MAH)<br><br>Jury Trial Demanded |

### FINAL JUDGMENT AS TO RELIEF DEFENDANT
### ISLAND RACEWAY & HOBBY, INC.

The Securities and Exchange Commission having filed a Complaint and Relief Defendant Island Raceway & Hobby, Inc. ("Relief Defendant") having entered a general appearance; consented to the Court's jurisdiction over Relief Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Relief Defendant is jointly and severally liable with Defendants Donald A. Milne III and Instaprin Pharmaceuticals, Inc., for disgorgement of $827,586.18 of the $3,347,775 jointly owed by the Defendants Donald A. Milne III and Instaprin Pharmaceuticals, Inc., representing profits gained as a result of the

conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of

$113,514.71, for a total of $941,100.89.  Relief Defendant shall satisfy this obligation by paying

$941,100.89 to the Securities and Exchange Commission within 14 days after entry of this Final

Judgment.

Relief Defendant may transmit payment electronically to the Commission, which will

provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made

directly from a bank account via Pay.gov through the SEC website at

http://www.sec.gov/about/offices/ofm.htm.  Relief Defendant may also pay by certified check,

bank cashier's check, or United States postal money order payable to the Securities and

Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of

this Court; Island Raceway & Hobby, Inc. as a relief defendant in this action; and specifying that

payment is made pursuant to this Final Judgment.

Relief Defendant shall simultaneously transmit photocopies of evidence of payment and

case identifying information to the Commission's counsel in this action.  By making this

payment, Relief Defendant relinquishes all legal and equitable right, title, and interest in such

funds and no part of the funds shall be returned to Relief Defendant.  The Commission shall send

the funds paid pursuant to this Final Judgment to the United States Treasury.  Relief Defendant

shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

The Commission may enforce the Court's judgment for disgorgement and prejudgment

interest by moving for civil contempt (and/or through other collection procedures authorized by

2

law) at any time after 14 days following entry of this Final Judgment. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

### II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

### III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

### IV.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _June 5_, 2019

_____
UNITED STATES DISTRICT JUDGE

3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | |
| Plaintiff, | Civil Action No. 19- 13024 (ES) (MAH) |
| v. | |
| **DONALD A. MILNE III and INSTAPRIN PHARMACEUTICALS, INC.,** | <u>Jury Trial Demanded</u> |
| Defendants, | |
| and | |
| **ISLAND RACEWAY & HOBBY, INC.,** | |
| Relief Defendant. | |

### CONSENT OF RELIEF DEFENDANT ISLAND RACEWAY & HOBBY, INC.

1.      Relief Defendant Island Raceway and Hobby, Inc. ("Relief Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Relief Defendant and over the subject matter of this action.

2.      Without admitting or denying the allegations of the complaint (except as provided herein in paragraph 11 and except as to personal and subject matter jurisdiction, which Relief Defendant admits), Relief Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things orders Relief Defendant to pay jointly and severally with Defendants Donald A. Milne III and Instaprin Pharmaceuticals, Inc., disgorgement of $827,586.18 of the $3,347,775 jointly owed by the Defendants Donald A. Milne III and Instaprin Pharmaceuticals, Inc., together with prejudgment interest thereon in the amount of $113,514.71, for a total of $941,100.89.

3.      Relief Defendant agrees that it shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Relief Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.  Relief Defendant further agrees that it shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Relief Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

4.      Relief Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5.      Relief Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6.      Relief Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Relief Defendant to enter into this Consent.

7.      Relief Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8.      Relief Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

2

9.      Relief Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Relief Defendant of its terms and conditions.  Relief Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Relief Defendant has received and read a copy of the Final Judgment.

10.     Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Relief Defendant in this civil proceeding.  Relief Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability.  Relief Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Relief Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations.  Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding.  In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Relief Defendant understands that it shall not be permitted to contest the factual allegations of the complaint in this action.

3

11.     Relief Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that it neither admits nor denies the allegations." As part of Relief Defendant's agreement to comply with the terms of Section 202.5(e), Relief Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Relief Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Relief Defendant does not deny the allegations; and (iii) upon the filing of this Consent, Relief Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Relief Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Relief Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12.     Relief Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Relief Defendant to defend against this action. For these

4

purposes, Relief Defendant agrees that Relief Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13.     Relief Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

14.     Relief Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: _4-8-19_

Island Raceway & Hobby, Inc.

By: _____
Donald K. Milne III
Chief Executive Officer
1015 N. Wellwood Avenue
Lindenhurst, New York 11757

On _8 April_, 2019, _Donald A. Milne III_, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_Trilisa A. Vera_
Notary Public
Commission expires: _Dec. 24, 2022_

Approved as to form:

_____
Anthony Varbero
Joseph Mure Jr. & Associates
26 Court Street, Suite 2601
Brooklyn, New York 11242
*Attorney for Relief Defendant Island Raceway & Hobby, Inc.*

**TRILISA A VERA**
**Notary Public - State of New York**
**No. 01VE6385059**
**Qualified in Suffolk County**
**My Commission Expires Dec. 24, 2022**